## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore division)

| | | |
|---|---|---|
| IN RE: | * | |
| **JASON DARRYL LAMANNA** | * | **Case No.: 20-19493-NVA** |
| 6318 B Augusta St | | **Chapter 13** |
| Aberdeen, MD 21005 | * | |
| **Debtor** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

| | | |
|---|---|---|
| **JASON D LAMANNA** | * | |
| **Plaintiff** | * | **Adversary Proc. No.:** |
| vs. | * | |
| **SN SERVICING CORPORATION** | * | |
| 323 Fifth Street | | |
| Eureka, CA 95501 | * | |
| **Defendant** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### Complaint Seeking Damages in Core Adversary Proceeding

### Introduction

1.      This is an action for actual and punitive damages filed by the Debtor pursuant Sections 105(a), 502(b) and 502 (j) of the Bankruptcy Code; Section 3001 of the Bankruptcy Rules; the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq ("FDCPA"); The Maryland Consumer Debt Collection Act ("MCDCA") @ Maryland Annotated Code of Commercial Law Section 14-201 et seq.; The Maryland Consumer Protection Act ("MCPA") @ Maryland Annotated Code of Commercial Law Article § 13-301 et seq.; and improper charges not authorized by Deed of Trust.

2.      This action is also filed to enforce the applicable Federal Rules of Bankruptcy Procedure to the extent the same apply to this case.

### Jurisdiction and Venue

3.      Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case

1

under Title 11 and concerns property of the debtor in that case.

4.      This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

5.      This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

6.      This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core preceding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

7.      Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

**Parties**

8.      The Plaintiff in this case is a debtor under Chapter 13 of Title 11 of the United States Code in case number 20-19493, filed on October 22, 2020.

9.      The Defendant, **SN Servicing Corporation** ("SN") is a national mortgage servicer engaged in the business of real estate mortgage lending and mortgage servicing with its principal place of business located at 13702 Coursey Blvd., Building #2, Baton Rouge, LA 70817. SN has submitted itself to the jurisdiction of this case by filing one or more matters in this case. SN possesses the requisite Maryland Collection Agency License and Mortgage Lender License. The Plaintiff also alleges upon information and belief that SN regularly services thousands of residential mortgage loans in the State of Maryland.

**Prior Bankruptcy Facts**

10.     On September 20, 2018, the Plaintiff filed a chapter 13 bankruptcy case number 18-22467.

11.     Wilmington Savings Fund Society, FSB, D/B/A Christina Trust as Owner Trustee of the Residential Credit Opportunities Trust V ("Wilmington") filed a proof of claim in that case on November 9, 2018, claim #2. A copy of the proof of claim is attached hereto and marked as **Exhibit "A"**.

12.     The Plaintiff's chapter 13 plan was confirmed on April 8, 2019.

13.     On July 10, 2019, Wilmington filed a Motion for Relief from Stay.

14.     On August 27, 2019, Wilmington and the Plaintiff entered into a consent agreement.

15.     On November 20, 2019, Wilmington filed a Transfer of Claim Other Than for Security ("Transfer") @ docket #51 to SN. A copy of the Transfer is attached hereto and marked as **Exhibit "B"**.

16.     On December 11, 2019, the Trustee filed a Motion to Dismiss for Material Default ("Motion"). A copy of the Motion is attached hereto and marked as **Exhibit "C"**. On June 16, 2020, the Court entered an Order Dismissing for Material Default ("Order"). A copy of the Order is attached hereto and marked as **Exhibit "D"**.

17.     Despite the Motion, the Trustee still distributed in the aggregate, $16,167.00 to Wilmington and SN. A copy of the Trustee's financial summary is attached hereto and marked as **Exhibit "E"**.

18.     The Plaintiff also paid his mortgage during the pendency of his prior bankruptcy for the period September 20, 2018, to June 16, 2020, reflected below:

a.     November 14, 2018 - $1,561.66 – check #241
b.     February 6, 2019 - $1,639.74 – check #385 (includes late fee)
c.     February 6, 2019 - $1,639.74 – check #386 (includes late fee)
d.     February 6, 2019 - $1,561.66 – check #387
e.     March 8, 2019 - $1,561.66 – check #405
f.     April 15, 2019 - $1,561.66 – check #435
g.     July 30, 2019 - $1,561.66 – check #462
h.     July 30, 2019 - $1,561.66 – check #463
i.     December 17, 2019 - $1,561.66 – check #495
j.     December 17, 2019 - $1,561.66 – check #496
k.     December 17, 2019 - $1,561.66 – check #498

Total mortgage payments $17,334.42 made. Copies of checks are available upon request.

## Facts

19.     On or about July 2, 2004, the Plaintiff obtained title by virtue of an executed Deed for the property located at 625 Sandy Ridge Drive, Glen Burnie, Maryland ("subject property"). The Deed was recorded in Anne Arundel County at Liber 15060 and Liber 307. A copy is attached hereto and marked as **Exhibit "F"**.

20.     On or about July 29, 2005, the Plaintiff, executed a Deed of Trust ("Deed of Trust") and Note in favor of CTX Mortgage Company, LLC ("CTX") in the principal sum of $264,000.00, for the subject property. The Deed of Trust was recorded in Anne Arundel County at Liber 16669 and folio 567. A copy of the Deed of Trust and Note are attached hereto and marked as **Exhibit "G" and "H"** respectively.

21.     That on **August 2, 2018**, the Substitute Trustee, Deena L. Reynolds, filed in the Circuit Court for Anne Arundel, case # C-02-CV-18-002329, an Order to Docket Suit Regarding Residential Property at 8922 Greens Lane, Randallstown, Md. 21133 for the purpose of foreclosing on the subject property.

22.     After a series of prior Assignments of Deed of Trust between on March 29, 2013, and December 5, 2019, on January 13, 2020, an Assignment of Deed of Trust ("ADOT") was executed, wherein U.S Bank

National Association, as Trustee of the Igloo Series IV Trust. (**assignor**), assigned the Deed of Trust to, U.S Bank National Association, As Trustee for the Cabana Series IV Trust. (**assignee**) and was filed on January 27, 2020, in the land records of Anne Arundel County, Maryland, at liber 34118 and folio 169. The Plaintiff was in default when the herein described assignment occurred. The Plaintiff has reason to believe the mortgage servicer was SN.  See **Exhibit "B"**. A copy of the ADOT is attached hereto and marked as **Exhibit "I"**.

23.    That on October 22, 2020, the Plaintiff filed the present chapter 13 bankruptcy case number 20-19493.

24.    **SN,** through its attorney Richard Rogers, Esq. ("Rogers") filed a Proof of Claim ("Claim #7") on December 31, 2020.  A copy of the claim #7 is attached hereto and marked as **Exhibit "J"**.

25.    **SN,** through its attorney Richard Rogers, Esq. filed an amended Proof of Claim ("Claim #7") on January 27, 2021.  A copy of Claim #7 is attached hereto and marked as **Exhibit "K"**.

26.    Plaintiff's counsel emailed Rogers on January 29, 2021 and requested an explanation and itemized breakdown of the four "other Fee Assessments" on July 6, 2020 within 10 days. A copy of the email is attached hereto and marked as **Exhibit "L"**. That the claim 7, part 3, on page 1 of 1, includes the following:

The four "other Fee Assessments" posted on July 6, 2020, are:

|   |   |
|---|---|
| a. | $3,825.92 |
| b | $3,872.38 |
| c. | $120.04 |
| d. | $11,229.60 |

total "other Fee Assessments" $19,047.94

27.    Having not received a response to Plaintiff's counsel January 29, 2021, email query within ten days, an Objection to Claim #7 ("Objection") docket entry #38, on February 15, 2021, was filed. The allegations in the Objection are realigned and incorporated herein. A copy of the Objection is attached hereto and marked as **Exhibit "M"**.

28.    Rogers provided unexecuted answers to Interrogatories on April 7, 2021, stating that $3,825.92 were late fees without any supporting documentation. The other three "other Fee Assessments" were purportedly the prior servicers corporate advances without any supporting documentation. A copy of the Interrogatories is attached hereto and marked as **Exhibit "N"**. To date those answers have not been supplemented.

29.    A Second set of Interrogatories were sent to Rogers on April 7, 2021.

30.    On May 28, 2021, Plaintiff's counsel, emailed Rogers a Good Faith letter concerning discovery requests. A copy of the Good Faith Letter is attached hereto and marked as **Exhibit "O"**.

31.    To date, neither the Second set of Interrogatories nor the Request for Admissions have been responded to.

32.    Subsequent to filing the Objection, it was determined, that despite having a confirmed plan in the Plaintiff's prior chapter 13 case # 18-22467, the current Claim #7 does not reflect any mortgage payments received from the Plaintiff during the prior bankruptcy in the amount of $17,334.42 nor the Trustee distributions received during the prior bankruptcy in the amount of $16,167.00.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

33.    The allegations in paragraphs 1 through 32 of this complaint are realigned and incorporated herein by this reference.

34.    This Claim has been added due to the recent decision in ***Bender v. Elmore& Throop, P.C.*** 19-1325 (4th Cir. 2020). Bender held that each violation of the FDCPA gives rise to a separate claim governed by its own limitation period.

35.    The Defendant is a debt collector by virtue of becoming a mortgage servicer and attempting to collect a debt when the Plaintiff was in arrears on a consumer debt.

36.    The Plaintiff is informed and believes and therefore alleges that the Defendant violated the FDCPA by including unnecessary and unjustified, other Fee Assessments totaling $19,047.94, attempted to collect those monies they knew they were not entitled to, or credit payments received from the Plaintiff in the amount of $17,334.42 and trustee distributions in the amount of $16,167.00 during the Plaintiff's prior bankruptcy in their claim #7, for which it had no legal right or claim and that such act or actions is conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection attempts and of a debt, 15 U.S.C. §1692d.

        WHEREFORE, Plaintiff demands 1) judgment against Defendant for violations of FDCPA, these violations having resulted in $52,549.36 of damages to Plaintiff; 2) reasonable attorney's fees and costs; and 3) that Plaintiff's claim should include such other and further relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF
## VIOLATION FOR FILING A FALSE PROOF OF CLAIM

37.    The allegations in paragraphs 1 through 36 of this complaint are incorporated herein by this reference.

38.    The Plaintiff is informed and believes and therefore alleges that the actions of the Defendant constitute a gross violation of Bankruptcy Rule §3001 by knowingly misleading this Court by (1) including

unnecessary and unjustified, other Fee Assessments totaling $19,047.94 in their claim #7 and (2) did not reflect from the Plaintiff's prior bankruptcy, mortgage payments in the amount of $17,334.42 made directly by the Plaintiff or receiving $16,167.00 in Trustee payments.

WHEREFORE, Plaintiff demands 1) judgment against Defendant for filing a false claim, these violations having resulted in $52,549.36 of damages to Plaintiff; 2) reasonable attorney's fees and costs; and 3) that Plaintiff's claim should include such other and further relief as the Court deems just and proper.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT (MDCPA)

39.    The allegations in paragraphs 1 through 38 of this complaint are realigned and incorporated herein by this reference.

40.    The Maryland Consumer Protection Act ("MCPA") prohibits "unfair or deceptive trade practices," Md. Code Ann., Com. Law 13-301, and expressly provides that violations of the MCDCA constitute "unfair or deceptive trade practices." Id. 13-301(14)(iii).

41.    Defendant's conduct was unfair and deceptive and violated the Maryland Consumer Protection Act ("MDCPA"), Maryland Commercial Law Article §13-303 (4).

42.    The Plaintiff is informed, believes, and therefore alleges that the Defendant was seeking to recover unnecessary and unjustified, other Fee Assessments totaling $19,047.94 from the Plaintiff and not crediting from the Plaintiff's prior bankruptcy, mortgage payments in the amount of $17,334.42 made directly by the Plaintiff or receiving $16,167.00 in Trustee payments, for which they have no legal right or claim and that such act or actions constitute unlawful and illegal acts by engaging in unfair or deceptive trade practice in violation of the MDCPA.

WHEREFORE, Plaintiff demands 1) judgment against Defendant for violations of MD. Commercial Law Code Ann. Title 13 Subtitle 4 §13-408, these violations having resulted in $52,549.36 of damages to Plaintiff; 2) reasonable attorney's fees and costs; and 3) that Plaintiff's claim should include such other and further relief as the Court deems just and proper.

## FOURTH CLAIM FOR RELIEF VIOLATION OF THE MARYLAND CONSUMER
## DEBT COLLECTION ACT (MCDCA)

43.    The allegations in paragraphs 1 through 42 of this complaint are realigned and incorporated herein by this reference.

44.    SN is a "collector" as defined by Md. Code Ann., Com. Law § 14-201(b), as SN attempted to collect an alleged debt arising out of a mortgage.

6

45.    Mr. Lamanna is a person as defined by Md. Code Ann., Com. Law § 14-201(d).

46.    The MCDCA provides recourse to consumers whose rights under the Act have been violated under §14-202 (8) of the subtitle, a [collector] may be held liable where it "attempts to enforce a right with actual knowledge or reckless disregard as to the falsity of the existence of the right." Kouabo v. Chevy Chase Bank, F.S.B., 336 F. Supp. 2d 471, 472, 2004 U.S. Dist. LEXIS 18661, *1 (D. Md. 2004).

47.    To plead a claim under the MCDCA, Plaintiff must set forth factual allegations tending to establish two elements: (1) that Defendant did not possess the right to collect the amount of debt sought; and (2) that Defendant attempted to collect the debt knowing that they lacked the right to do so. Cezair v. JPMorgan SLS Bank, N.A., No DKC 13-2928, 2014 U.S. Dist. LEXIS 120645, at *27 (D. Md. Aug. 29, 2014).

48.    Defendant violated § 14-202(8) by attempting to collect an amount it knew or should have known, by virtue of multiple contacts with the Plaintiff, that it had no right to collect or not credit.

49.    As a result of Defendant's actions, Plaintiff has suffered economic and noneconomic damages.

50.    As a direct and proximate result of Defendant's conduct, Plaintiff is unnecessarily mentally anguished, which manifested physically through tension headaches and sleep loss.

51.    As a direct and proximate result of Defendant's actions, Plaintiff has tension headaches and sleep loss.

52.    Any person who violates any provision of this subtitle is liable to the person affected by the violation for all damages proximately caused by the violation and for reasonable attorney fees incurred by the person damaged. See § 14-304.

53.    A collector who violates any provision of this subtitle is liable for any damages proximately caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury. See §14-203.

WHEREFORE, Plaintiff demands 1) judgment in the amount of $52,549.36, for actual damages against Defendant, including emotional distress or mental anguish pursuant to Md. Code Ann., Com. Law §14-203; 2) an award of reasonable attorney's fees and costs; and 3) that his claim should include such other and further relief as the Court deems just and proper.


## FIFTH CLAIM FOR RELIEF
## IMPROPER CHARGE NOT AUTHORIZED BY DEED OF TRUST

54.     The allegations in paragraphs 1 through 53 of this complaint are realleged and incorporated herein by this reference.

55.     The Deed of Trust paragraph 2 Application of Payments or Proceeds were not adhered to by not crediting from the Plaintiff's prior bankruptcy, mortgage payments in the amount of $17,334.42 made directly by the Plaintiff or $16,167.00 in Trustee payments previously received.

56.     The Deed of Trust in paragraph 14. Loan Charges was violated by including "other Fee Assessments" totaling $19,047.94 for which no justifiable explanation has been provided.

57.     WHEREFORE, Plaintiff demands 1) judgment against Defendant for violating the terms of the Deed of Trust, these violations having resulted in $52,549.36 of damages to Plaintiff; 2) reasonable attorney's fees and costs; and 3) that Plaintiff's claim should include such other and further relief as the Court deems just and proper.


Date:  Thursday, July 22, 2021              /s/ Robert N. Grossbart, Esquire
                                            Robert N. Grossbart, Esquire (04116)
                                            Grossbart, Portney & Rosenberg, P.A.
                                            One Charles Center
                                            100 North Charles Street, 20th Floor
                                            Baltimore, Maryland 21201
                                            (410) 837-0590
                                            (410) 837-0085 (FAX)
                                            Email: Robert@grossbartlaw.com
                                            Attorney for Plaintiff


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 22, 2021, a copy of the foregoing Complaint Seeking Damages in Core Adversary Proceeding was mailed first class mail, postage prepaid to the following:

Office of the US Trustee
101 W. Lombard Street, 2nd Floor
Baltimore, MD 21201

Jason Darryl Lamanna
6318 B Augusta St.
Aberdeen, MD 21005

Rebecca Herr, Trustee
185 Admiral Cochrane Drive
Annapolis, MD 21401

SN Servicing Corporation
323 Fifth Street
Eureka, CA 95501

Richard J. Rogers, Esquire
Cohn, Goldberg & Deutsche, LLC
600 Baltimore Avenue
Suite 208
Towson, MD 21204

SN Servicing Corporation
13702 Coursey Blvd. Bldg. Two
Baton Rouge, LA 70817
Attn: Robin P. Arkley II, President

The Prentice-Hall Corporation System, MA
7 St. Paul Street
Suite 820
Baltimore, Md 21202
Resident Agent

                              /s/ Robert N. Grossbart, Esquire
                              Robert N. Grossbart, Esq. (04116)